PETROPLUS, JUDGE:
This case involves a claim brought by Maciej Gal, a brother of Stanley S. Gal, who died intestate in Bluefield, West Virginia, on June 15, 1968, supported by official documentation that he is the deceased man’s brother and sole heir at law. The Claimant is a citizen and resident of Poland.
Stanley S. Gal’s Estate was valued at $11,984.53, and after payment of administrative expenses, funeral expenses and claims and demands against the Estate, a balance remained in the amount of $3,100.46, which was paid to the State Auditor, Respondent, on the theory that there being no living heirs, the Estate escheated to the State of West Virginia.
There appears to be no question that the Claimant, a Polish National, has properly identified himself as the sole heir at law of the decedent, although his identification as such was not officially established until a few months after the Estate had been settled and distribution of the residue made to the State of West Virginia under Chapter 37, Article 2, Section 1, stating that whenever any person shall die intestate and without any heir or next of kin owning real estate or personal property within this State, the title of such deceased person therein shall escheat to the State.
Counsel for the State of West Virginia filed a Motion to Dismiss on the ground that this Court is without jurisdiction and that the Claimant’s remedy was under the Declaratory Judgment Act of the State, which is found in Code 55-13-1. The Act reads as follows:
*25 “Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree. (1941, c.26, Sec. 1.)”
The Respondent assigns as a second ground for its Motion that a Civil Action is pending in the Circuit Court of Mercer County against the Administrator of the Estate, the surety on the Administrator’s bond, the Commissioner of Accounts and the Attorney for the Administrator. The present status of that case is not clear although it is admitted that the Auditor was dismissed from the case under the provisions of Article VI, Section 35 of the Constitution, which reads:
“The State of West Virginia shall never be made defendant in any Court of law or equity . . .”.
In the argument, counsel for the Respondent further cited the Sections in Chapter 14 of the Code relating to the jurisdiction of this Court and particularly Chapter 14, Article 2, Section 14, which provides that:
“The jurisdiction of the Court shall not extend to any claim:
* * *
5. With respect to which a proceeding may be maintained against the State, by or on behalf of the claimant in the courts of the State.”
The Claimant having established that he is lawful heir of the decedent and that the residue of the Estate was wrongfully escheated to the State of West Virginia, and documents having been produced establishing his identity and relationship to the deceased, the Court is of the opinion that it is the proper forum for the filing of this claim. The State of West Virginia has been unjustly enriched by receiving money to which it was not entitled under the laws of escheat. Said funds under equity and good conscience cannot be retained by the State when they lawfully belong to the Claimant, and should have been distributed to the Claimant at the time the Estate was settled.
*26 Although it is apparent that the Claimant may have a remedy that can be pursued in the regular Courts of the State against other parties, such a remedy is not available in pursuing a claim against the State of West Virginia. It is difficult for us to dismiss this claim on the ground that the Claimant had a remedy under the declaratory judgment proceedings. A declaration by a regular Court that the Claimant was entitled to the residuary distribution would not be binding on the State of West Virginia as disclosed by this Record, as the Auditor could not be properly made a party to said proceeding. It is further apparent that the Auditor was dismissed as a party in the Circuit Court proceeding.
It is our opinion that the Claimant may maintain his action in the Court of Claims and that this Court has jurisdiction to make an award allowing his claim. The Motion to Dismiss the claim is overruled, and an award is made to the Claimant in the amount of $3,100.46.
Claim allowed in the amount of $3,100.46.